UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT HENRY SAMUEL
McKEEL,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 2:14-cv-12815
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES (21)

**I.     RECOMMENDATION**: This matter is before me for consideration of Plaintiff's motion for attorney's fees (DE 21 and 22), Defendant's response in opposition (DE 23), and Plaintiff's reply (DE 24). For the reasons that follow, I recommend that Plaintiff's motion be **DENIED**.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff protectively filed his applications for social security disability benefits and supplemental security income on November 14, 2011, alleging that he had been disabled since August 5, 2011, at age 51, as a result of obesity, chronic pain, end-stage patellofemoral arthritis (left knee), right total knee arthroplasty,

spinal disc disease at L3-S1, and left ankle pain. (R. at 171-174.) Plaintiff's application was denied and he sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). ALJ Lawrence C. Blatnik held a hearing on February 28, 2013 and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12-58.) On May 30, 2014, the Appeals Council denied Plaintiff's request for review. (R. at 1-3.)

Plaintiff then timely commenced the instant action in federal court. In his motion for summary judgment, he set forth three statements of error: 1) that the ALJ improperly afforded less weight to the opinion of treating physician Dr. Mark Kelley; 2) that the ALJ erred in his conclusion that Plaintiff's medical impairments failed to meet the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically Listings 1.02 and 1.03; and 3) that the ALJ failed to consider his impairment of obesity when assessing his RFC. The Commissioner opposed Plaintiff's motion, asserting that the ALJ's decision was supported by substantial evidence.

On May 20, 2015, I issued a Report and Recommendation to remand the matter back to the Commissioner for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (DE 18.) Specifically, I concluded that the ALJ's consideration of the severity of Plaintiff's impairments met or medically equaled Listings 1.02 and 1.03 was not supported by substantial evidence, because

the ALJ merely stated that Plaintiff's impairments did "not meet the criteria of Listing 1.02 or any other listing." (Id. at 18-19.) The Commissioner argued, correctly, that the ALJ was not required to discuss every Listing, but I concluded that the ALJ erred in this instance because the record raised a substantial question as to whether Plaintiff could qualify as disabled under the listing. (Id. at 19.) I further pointed out that the record lacked expert opinion evidence on the issue of whether Plaintiff's conditions met or medically equaled a Listing, and recommended a remand in order to fully develop the record in this respect. (Id. at 18.)

For the same reason, I concluded that the Court was unable to meaningfully review the ALJ's weighing of opinion evidence because the record in this case was undeveloped. Finally, although Plaintiff did not meet his burden to show how his obesity, in combination with his other impairments, limited his ability to a degree inconsistent with the RFC, I recommended that the ALJ consider Plaintiff's obesity in combination with his review of the Listing impairments on remand. I specifically pointed to S.S.R. 02-1P, which states that "someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone," because the ALJ found Plaintiff's osteoarthritis to be a severe impairment. In sum, my recommendation for remand

centered on the ALJ's failure to analyze Plaintiff's impairments under Listings 1.02 and 1.03.

### B.     The Instant Motion

In the instant motion, Plaintiff seeks costs and attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because the Court remanded his case for further administrative proceedings. He asserts that the Commissioner's position in opposing his motion for remand was not substantially justified because was the prevailing party, that the Court held in his favor on all three statements of error, and that the Commissioner's position was not justified in law or fact.

The Commissioner opposes Plaintiff's motion and argues that her position was substantially justified for several reasons. First, she points out that she was forthcoming about all issues in her briefing, including her decision to address the fact that the record lacked a medical opinion, which Plaintiff did not discuss in his initial motion. Second, she disagrees with Plaintiff's contention that the Court found in his favor on all issues. Specifically, she notes that the Court did not express an opinion on Plaintiff's obesity argument, which was not an independent ground for remand.

### C.  STANDARD OF REVIEW

The EAJA provides in pertinent part:

4

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection
>
>> (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). Applying the foregoing authority, an award of fees requires that 1) the plaintiff was the prevailing party, 2) the government's position was not substantially justified, and 3) no special circumstances make an award of fees unjust.

A party is considered to have prevailed where it has been the victor in a lawsuit or has "vindicated important rights through a consent judgment." *Citizens Coal.for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th Cir. 1983) (internal quotations omitted). The court will generally confer prevailing-party status on a plaintiff who has won a Sentence 4 remand. *Sec'y v. Schaefer*, 509 U.S. 292, 300 (1993). Here, neither party disputes Plaintiff's status as the prevailing party.

The Commissioner bears the burden of establishing that her position was substantially justified, which is defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *see also Noble v. Barnhart,* 230 F. App'x 517, 519 (6th

5

Cir.2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). "However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir 1997)).

### D. ANALYSIS

In the instant motion, the parties dispute whether the Commissioner's position was substantially justified. Plaintiff asserts that the Commissioner's position was not substantially justified because he prevailed on all three issues raised. The Commissioner disagrees with Plaintiff's assertion, noting that the ALJ's analysis of his obesity was not an independent reason for remand. Further, the Commissioner argues that the Court primarily remanded the case because she addressed the lack of a medical opinion with regard to whether or not Plaintiff's impairments met or medically equaled a listing without prompting from Plaintiff's briefing. Finally, she asserts that reasonable minds could differ on whether the ALJ was required to discuss Listings 1.02 and 1.03 because there was evidence in the record of Plaintiff's effective ambulation.

The Commissioner has met her burden of establishing that her position was substantially justified. First, as noted above, the Court did not find the ALJ's analysis of Plaintiff's obesity as an independent basis of remand, but instead directed the ALJ to further consider the impact of his obesity on his arthritis upon remand, thereby undercutting Plaintiff's main argument that he prevailed on all three issues. Second, the Commissioner is correct that she introduced the issue on which the remand was based—that there was no medical equivalence evidence—without prompting from Plaintiff's briefing. (DE 18 at 21.) *See Powell v. Colvin*, No. 5:12-cv-00157, 2014 WL 1514322, at *2 (W.D. Ky. Apr. 16, 2014) (finding the Commissioner's position substantially justified where "Plaintiff did not explicitly make the claims that resulted in remand"). Third, the Commissioner is correct that there was some evidence in the record to support Plaintiff's ability to ambulate effectively such that reasonable people could disagree, despite the fact that the Court ultimately concluded that the ALJ failed to appropriately articulate whether or not Plaintiff's impairments met or medically equaled a Listing.

Finally, "[t]he issue when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation of his [or her] findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, at *4 (6th Cir. 1999). In *Anderson*, the Sixth Circuit

7

concluded that the Commissioner's position was substantially justified where the District Court remanded "for further consideration of an articulation error," but did not conclude that the Commissioner's position was necessarily wrong on the merits. *Id.* at *6. Here, the Court remanded for further development of the record and articulation of whether Plaintiff's impairments met or medically equaled Listings 1.02 or 1.03. The Court did not conclude that the ALJ erred in denying disability benefits by failing to apply the sequential analysis incorrectly. Instead, much like the *Anderson* case, the Court determined that the ALJ's opinion was not explicit enough in this regard. *Id.*; *see also Goff v. Astrue*, No. 08-141-ART, 2009 WL 648965, at *1 (E.D. Ky. Mar. 10, 2009) (concluding that the claimant was not entitled to an award of attorney's fees under the EAJA because the court "did not remand . . . because the ALJ was incorrect in his decision but rather on a technical point—the ALJ needed to explain his reasoning in ordering a consultative exam."). The Court did not find that Plaintiff's impairments met or medically equaled a Listing impairment. Nor did it find that the ALJ's decision was clearly erroneous to the extent that an immediate award of benefits was necessary. Accordingly, even though the Court ultimately concluded that the Commissioner's position was wrong, there is no indication that it was not substantially justified. I therefore recommend that the Court **DENY** Plaintiff's motion. (DE 21.)

8

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 19, 2015                    s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE