UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT HENRY MCKEEL, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 14-cv-12815

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [26], ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [25], AND DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES [21]**

**I. INTRODUCTION**

This matter is before the court on Albert McKeel's ("Plaintiff") Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, submitted on July 23, 2015 [21]. Dkt. No. 21 at 1. The Commissioner of Social Security ("Defendant") filed a response to Plaintiff's motion on August 5, 2015 [23], arguing that fees should be denied because Defendant's position was substantially justified. Dkt. No. 23 at 1–6. Plaintiff filed a reply to Defendant's response on August 6, 2015 [24]. On August 19, 2015, Magistrate Judge Anthony Patti entered a Recommendation to Deny Plaintiff's Motion for Award of Attorney's Fees [25]. Plaintiff filed a timely objection to the Magistrate Judge's Recommendation on September 2, 2015. Dkt. No. 26 at 1–5; *see also* 28 U.S.C. § 636(b)(1)(C). Defendant responded on September 9, 2015, arguing that the Court should adopt the report and recommendation. Dkt. No. 26 at 1. After reviewing the record, and the arguments put forth by the parties, the Court will **OVERRULE** Plaintiff's Objection [26], **ADOPT** Magistrate Judge Patti's Recommendation

[25], and **DENY** Plaintiff's Motion for Attorney's Fees [21]. The Court's reasoning is set forth below.

## II. BACKGROUND

Plaintiff applied for Social Security benefits on November 14, 2011. Dkt. No. 12 at 171–74. He was 51 years old and alleged that he has been disabled since August 5, 2011 as a result of obesity, chronic pain, end stage patellofemoral arthritis of the left knee, right total knee arthroplasty, spinal disc disease at L3-S1, and left ankle pain. Dkt. No. 14 at 2. Plaintiff's applications were denied initially on December 20, 2011, based on a finding that Plaintiff was not disabled. Dkt. No. 12 at 85–93. Plaintiff requested a hearing to appeal the findings *de novo* before an Administrative Law Judge ("ALJ"). Dkt. No. 14 at 2.

Plaintiff's hearing before an ALJ took place on February 28, 2013. Dkt. No. 12 at 12. At step one of the disability analyses, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 5, 2011. *Id*. at 14. Next, the ALJ determined at step two that Plaintiff had numerous severe impairments, including osteoarthritis, degenerative joint disease of the bilateral knees, and obesity. *Id*. Nonetheless, at step three, the ALJ found that Plaintiff did not have an impairment that met or equaled the severity of one of the listed impairments in the Social Security regulations. *Id*. at 15. Furthermore, at step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work, including lifting up to 20 pounds and walking, standing, or sitting for at least six hours. *Id*. at 15–16. At the last step, the ALJ determined that Plaintiff could perform work as a retail cashier, just as he had for the past 15 years. *Id*. at 17. The ALJ thus concluded that Plaintiff was not under a disability defined in the Social Security Act. *Id*. at 19.

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review on May 30, 2014. *Id*. at 1. Plaintiff then sought judicial review and his case was referred to a magistrate judge. Dkt. No. 4. In Plaintiff's motion for summary judgment, he set forth three statements of error: (1) the ALJ afforded less weight to the opinion of his treating physician, Dr. Mark Kelley; (2) the ALJ erred in his conclusion that Plaintiff's medical impairments failed to meet the severity of impairments listed in Social Security regulations; and (3) the ALJ failed to consider his impairment of obesity in assessing his residual functional capacity. Dkt. No. 18 at 17–18.

The magistrate's report and recommendations on the parties' motions for summary judgment [18], later adopted by the Court, advised the Court to reverse Defendant's non-disability finding and remand the case for further consideration. *Id*. at 28–29. In doing so, the magistrate made his conclusion based on the fact that the record was undeveloped. Dkt. No. 25 at 3.

Much of the magistrate's recommendation was based on his opinion that the lack of evidence in the record did not provide him with sufficient information upon which to perform a meaningful judicial review. Dkt. No. 18 at 22. At step three, the ALJ's explanation for discounting Listing 1.02 was exceedingly brief. *Id*. at 18–19. The explanation did not include any mention of Listing 1.03. *Id*. Based on the magistrate's review of the entire record, he found it plausible that Plaintiff's impairments could qualify as a Listing impairment. *Id*. at 22–23.

The magistrate further determined that the burden was on Plaintiff to show his obesity exacerbated his other impairments, and that Plaintiff presented insufficient evidence on this point. *Id*. at 23–24. Nonetheless, the ALJ had concluded that obesity was one of Plaintiff's severe impairments, so the magistrate advised him to certify that it was fully considered in

combination with Plaintiff's other impairments. *Id*. Finally, the magistrate wrote that the ALJ had provided good reasons for discounting the opinions of Dr. Kelley, but that Dr. Kelley's conclusions should be fully considered on remand. *Id*. at 28.

On July 23, 2015, Plaintiff petitioned the Court for an award of attorney's fees under the EAJA, 28 U.S.C. § 2412. Defendant opposed the award on the grounds that the government's position in defending the denial of benefits before the district court was substantially justified. 28 U.S.C. § 2412(d)(1)(A). In his report and recommendation, the magistrate found that although the ALJ's opinion had not provided an adequate explanation for his conclusion, the government was substantially justified in defending Defendant's decision to deny benefits. Dkt. No. 25 at 7–8. Plaintiff brought a timely objection to the magistrate judge's recommendation. Dkt. No. 26.

### III. LEGAL STANDARD

A district court performs *de novo* review of timely and specific objections to a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2)–(3). Additionally, the court may adopt, reject, or amend the portions of the report and recommendation to which no party properly objects. *See* FED. R. CIV. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. DISCUSSION

The Equal Access to Justice Act ("EAJA") is one of over a hundred fee shifting statutes enacted by Congress. *See Coulter v. Tenn.,* 805 F.2d 146, 148 (6th Cir. 1986). Specifically, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As the magistrate properly determined, an EAJA fee award requires that (1) the plaintiff was the prevailing party; (2) the government's position was not substantially justified; and (3) no special circumstances make a fee award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). The magistrate based his report and recommendation of denial upon the second criterion—the government's substantial justification—which is also the only objection made by Plaintiff to the recommendation.[1] *See* Dkt. No. 25 at 7; Dkt. No. 26 at 1. Accordingly, this memorandum will focus solely on whether the government's position was substantially justified.

### 1. The Government's Decision Was Substantially Justified

Courts review whether the government was substantially justified by looking at the case as an "inclusive whole, rather than as atomized line-items." *Comm'r, INS v. Jean*, 496 U.S. 154, 161–162 (1990). Substantial justification does not hinge on whether the government won its case or argument. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014) ("The Commissioner's position may be substantially justified even if a district court rejects it."). Rather, the Supreme Court has interpreted "substantial justification" to be justification that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Procedural errors, such as an ALJ's failure to fully explain a decision, may result in remand; however, that does not automatically mean that a fee award is appropriate. *See DeLong*, 748 F.3d at 727. Ultimately, "[t]he government bears the burden of proving a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and

---

[1] Plaintiff is a prevailing party, *see Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets [the description of a prevailing party]."), and Defendant does not contend that any special circumstances support denying EAJA relief.

fact.' " *Id*. at 725–26 (citations omitted). "[A]n award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification." *Id*. at 727.

Here, much like in *DeLong*, the Court's decision to vacate and remand Plaintiff's case for further administrative proceedings was not based on a strongly established entitlement to benefits, but rather a mere plausibility that Plaintiff's impairments could equal a listing. *See Delong*, 748 F.3d at 726 ("The Court did not find that Plaintiff's impairments met or medically equaled a Listing impairment . . . [n]or did it find that the ALJ's decision was clearly erroneous to the extent that an immediate award of benefits was necessary."); Dkt. No. 18 at 8, 22. The Court's reversal and remand of the ALJ's decision was premised on four reasons: (1) Plaintiff had not, in fact, prevailed on all three issues, as he argued; (2) Defendant introduced the primary issue upon which remand was based—the lack of medical equivalence evidence; (3) the record included some evidence from which a reasonable person could conclude that Plaintiff could ambulate effectively; and (4) the remand was based off of the need for further development and articulation of the record, not because the ALJ failed to apply the sequential analysis properly. Dkt. No. 25 at 7–8.

### a. Plaintiff Did Not Prevail On All Issues Argued

First, Plaintiff argues in his Memorandum in Support for his Motion for Attorney's Fees that "[t]he position of the federal defendant in this case was not substantially justified within the meaning of EAJA, where this court held for Plaintiff on all three (3) briefed issues and rejected the government's position." Dkt. No. 22 at 4. However, this statement is incorrect, as the Court did not find for Plaintiff on all briefed issues. *See* Dkt. No. 18 at 23–24. Specifically, Plaintiff did not prevail in his argument that the ALJ failed to consider his obesity when determining his residual functional capacity. *See id*. Rather, the Court noted that Plaintiff failed to carry his

-6-

burden to show how his obesity, in combination with other impairments, limited his abilities to a degree inconsistent with the ALJ's determination. *Id*. Although the ALJ concluded that obesity was one of Plaintiff's severe impairments, the Court remanded on this issue so that the ALJ could certify that Plaintiff's obesity was fully considered in combination with other impairments. *Id*. Although Plaintiff obtained a judgment reversing the denial of benefits, thus qualifying as a prevailing party, he was not uniformly successful on all arguments presented.

### b. It Was Defendant, Not Plaintiff, That Introduced The Issue Of Insufficient Medical Equivalence Evidence

The next issue that the magistrate addressed in the recommendation was that it was Defendant, rather than Plaintiff, that addressed the fact upon which remand was based: the record lacked medical equivalency evidence regarding whether Plaintiff's impairments equaled a listing. Dkt. No. 18 at 21–22; Dkt. No. 15 at 11. Plaintiff rested his step three argument solely on the inadequacy of the ALJ's explanation as to why Plaintiff's impairments did not qualify as listings. Dkt. No. 14 at 18–20. Although the fact that the ALJ's step three findings had not been sufficiently articulated was part of the reason for remand, that was not the "more troubling point." Dkt. No. 18 at 21. Since Dr. Kelley's opinion was the only medical opinion in the record, it was necessary to remand so that expert opinion evidence could be utilized in the determination of medical equivalence. *See Retka v. Comm'r of Soc. Sec.*, 70 F.3d 1272 (6th Cir. 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made."). Plaintiff's argument that the ALJ erred in his step three evaluations did not mention, much less sufficiently address, the absence of medical equivalency evidence. *See* Dkt. No. 14 at 18–20. As such, Plaintiff's success in reversing the denial of benefits was not due to his own efforts, so much as Defendant's mention that no medical expert gave an opinion regarding whether Plaintiff's impairments medically equaled a listing.

### c. Reasonable People Could Disagree On Plaintiff's Ability to Ambulate Effectively Based On The Record

Furthermore, the magistrate agreed with Defendant that there was evidence in the record upon which a reasonable person could find that Plaintiff was able to ambulate effectively, despite the ALJ's insufficiently articulated listing analysis. Dkt. No. 25 at 7. The ALJ's one sentence determination at step three did not contain an explanation of how evidence was analyzed in such a way as to enable the Court to trace the path of his reasoning. *See Lowery v. Comm'r, Soc. Sec. Admin.*, 55 F. App'x 333, 339 (6th Cir. 2003). As referenced in *DeLong*, failures to adequately explain findings are considered procedural, rather than substantive, errors. 748 F.3d at 727.

Review of the record supports Defendant's argument that reasonable people could disagree about whether Plaintiff met or medically equaled Listings 1.02 and 1.03.[2] Defendant argues in her Motion for Summary Judgment that the ALJ did not engage in a deeper discussion of the facts at step three because "Plaintiff clearly did not meet the listings" based on those facts. *See* Dkt. No. 15 at 10; *cf. Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) ("ALJ need not discuss listings that the applicant clearly does not meet"). Those facts include the evidence that Plaintiff could walk four miles, Dkt. No. 12 at 290, bike for seven miles, *id.* at 288, and walk with a steady gait. *Id.* at 279; *see also id.* at 319 ("Currently exercises presently approximately 5 days/week, doing weightlifting, biking, and walking."). These facts, in addition to others present in the record, provide an opportunity for a reasonable person to interpret that Plaintiff was able to ambulate effectively, although with pain. *See id.* at 217–19, 319, 324. Viewing the case and record as an inclusive whole—rather than focusing solely on the

---

[2] For example, Listings 1.02 and 1.03, require, among other things, evidence of an inability to ambulate effectively, which means an extreme limitation of the ability to walk and carry out the activities of daily living. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(b)(1)–(2).

ALJ's inadequate step three articulation—the government's justification may be able to satisfy a reasonable person and thus be considered substantially justified.

### d. Remand Was Based Off Of The Need To Further Develop The Record

Finally, the Court found that the bases for remand of the ALJ's decision were inadequate articulation and an undeveloped record, not that Defendant was wrong on the merits of the case. "The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the defendant was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999). Much like in *Anderson*, the Court should not find that the ALJ made an incorrect decision, but simply needed to be more explicit in regard to why the decision was made. By remanding with instruction to further develop the record and better articulate the reasoning behind why the decision was made, the Court reversed the ALJ's decision on procedural error and as such, did not determine that the government's position was not substantially justified. Having reviewed the entirety of the case and record, the Court should now find that the government took a position with a reasonable basis both in law and fact, and hence attorney's fees are not appropriate.

### V. CONCLUSION

In the present case, the Court reversed the denial of benefits and remanded for further consideration because of an articulation error and an undeveloped record. The government's position was still substantially justified to the extent that a reasonable person could be satisfied. As such, the Court will **OVERRULE** Plaintiff's Objection [26], **ACCEPT** and **ADOPT**

-10-

Magistrate Judge Patti's Report and Recommendation [25], and **DENY** Plaintiff's Motion for Attorney's Fees [21].

IT IS SO ORDERED.

Dated: September 24, 2015

/s/ Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge